UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STANLEY J. MATTFELD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-06-1087** |
| | § | |
| **ILLINOIS NATIONAL INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

MEMORANDUM AND ORDER

Pending before the Court in this declaratory judgment action are Defendant's motion for summary judgment and Plaintiff's motion for partial summary judgment. After reviewing the parties' filings and the applicable law, the Court finds that Plaintiff's motion, Docket No. 16, should be and hereby is **GRANTED IN PART** and **DENIED IN PART** and that Defendant's motion, Docket No. 14, should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.  All of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.  Defendant's requests for declaratory judgment and for recovery of costs are hereby **GRANTED**.

I.      **BACKGROUND**

Lawrence E. Luthy was the owner of a Cessna airplane with FAA registration number N118FR (the "Cessna").  Luthy leased the Cessna to Hi-Tech Aviation, Inc. ("Hi-Tech"), which rented it to individuals.  Hi-Tech insured the Cessna under a policy issued by Defendant Illinois National Insurance Company ("INIC").

In December 2004, Plaintiff Stanley Mattfeld rented the Cessna from Hi-Tech. He crashed the airplane while landing, and it was later deemed a total loss.  Luthy

subsequently sued Hi-Tech; its president, Michael K. Stevens; and Mattfeld in a Texas state court, alleging that Mattfeld was negligent in operating the Cessna and that Hi-Tech had failed adequately to insure it.  Luthy sought damages for the value of the Cessna and for lost profits that he would have derived from its future rental.  Mattfeld tendered his defense to INIC, claiming that it owed him duties to defend and indemnify under the policy issued to Hi-Tech.  INIC refused to defend or indemnity Mattfeld, arguing that Luthy's claims fall within an exception to the policy.

It is undisputed that Mattfeld, as a renter of the Cessna, qualifies as an Insured under the policy, which obligates INIC "[t]o pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of property damage . . . ."  (Def.'s Mot. for Summ. J., Ex. 1, at 2.)  The policy also requires INIC "to defend any suit against the Insured seeking damages on account of . . . property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . . ."  (*Id.*, Ex. 1, at 3.)  INIC, however, asserts Exception 7 of the contract, which provides that the policy does not apply "to property damage to property owned, occupied, rented or used by the Insured or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control or transported by the Insured."  (*Id.*, Ex. 1, at 7.)

In this action, Mattfeld seeks (1) a declaration that INIC has a duty to defend and indemnify him; (2) damages for breach of contract and breach of the common law duty of good faith and fair dealing; and (3) recovery of his attorney's fees and costs.  INIC has filed a counterclaim, seeking (1) a declaration that it owes Mattfeld no duty to defend or indemnify; and (2) recovery of its attorney's fees and costs.  Both parties now move for summary judgment.

2

## II.     ANALYSIS

### A.     Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.   *See* FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   *Celotex Corp. v. Catrett*, 4777 U.S. 317, 322 (1986) (internal quotation marks omitted).   A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.   *Id.* at 255.

### B.     The Parties' Declaratory Judgment Claims

"A liability insurer is obligated to defend a suit if the facts alleged in the pleadings would give rise to any claim within the coverage of the policy."   *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 201 (Tex. 2004).   The duty is "expansive – that is, '[i]f any allegation in the complaint is even *potentially* covered by the policy[,] then the insurer has a duty to defend its insured.'"   *Snug Harbor, Ltd. v. Zurich Ins.*, 968 F.2d 538, 545 (5th Cir. 1992) (alterations and emphasis in original) (quoting *Enserch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1492 (5th Cir. 1992)).   "Once coverage has been found for any portion of a suit, an insurer must defend the entire suit."   *St. Paul*

*Ins. Co. v. Texas Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App. – Austin 1999, pet. denied).

"In determining the scope of coverage, [the Court] examine[s] the policy as a whole to ascertain the true intent of the parties." *Id.* at 202 (citing *Mid-Century Ins. Co. v. Lindsey*, 907 S.W.2d 517, 520 (Tex. 1995)). "[W]hen the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend." *Gulf States Ins. Co. v. Alamo Carriage Serv.*, 22 F.3d 88, 90 (5th Cir. 1994). The party asserting a coverage exception bears the burden of proving that that exception applies. *Utica Nat'l*, 141 S.W.3d at 204.

Mattfeld first contends that Exclusion 7 does not apply to any of Luthy's claims, because the Exclusion is contradictory when read in conjunction with the policy's Student and Renter Pilot Liability Endorsement, which provides as follows:

> Notwithstanding the provisions of paragraph (c) of the Definition of Insured, Liability Coverages provided herein are extended to include as Insured, any person operating the aircraft under the terms of any rental agreement . . . which provides any remuneration to the Named Insured for the use of such aircraft.

(Def.'s Mot. for Summ. J., Ex. 2, at 1.) According to Mattfeld, INIC's position constitutes an impermissible attempt to use Mattfeld's status as a renter as both a shield (by using the Endorsement to bring him within the definition of an "Insured") and a sword (by invoking the Exclusion to deny him coverage). In support of this argument, Mattfeld cites the *St. Paul* case, 999 S.W.2d at 886, for the holding that an insurer cannot interpret a policy provision both to provide coverage and to deny it.

While Mattfeld has accurately characterized the *St. Paul* holding, he has misapplied it in this case. INIC does not argue that Exclusion 7 applies to Mattfeld

4

*because he is a renter*.  Rather, it contends that the Exclusion applies because the claims against Mattfeld are for property damage, as that term is defined in the policy. Accordingly, the Court finds that Exclusion 7 applies, excluding property damage claims from coverage.

Mattfeld does not appear to dispute the applicability of Exclusion 7 to Luthy's claim for the value of the Cessna.  Because that claim is self-evidently one for property damage, Exclusion 7 precludes a finding that INIC owes Mattfeld a duty either to defend or to indemnify as to the claim.  *See Reser v. State Farm Fire & Cas. Co.*, 981 S.W.2d 260, 263 (Tex. App. – San Antonio 1998, no pet.) ("[I]f the underlying petition does not raise factual allegations sufficient to invoke the duty to defend, then even proof of all of those allegations could not invoke the insurer's duty to indemnify.").

Mattfeld contends, however, that Luthy's claim for damages arising from lost profits and business interruption is not a property damage claim *per se* but, rather, a claim for "damages because of . . . property damage," which is within the scope of the policy and not precluded by Exclusion 7.  (*See* Def.'s Mot. for Summ. J., Ex. 1, at 3.)  INIC argues in response that Exclusion 7, when read in conjunction with the policy's definition of "property damage," compels the conclusion that Exclusion 7 applies to Luthy's lost profits and business interruption claim.

According to the policy,

"Property Damage" means (a) physical injury to or destruction of tangible property which occurs during the policy period, *including loss of use thereof* at any time resulting therefrom, or (b) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

(*Id.*, Ex. 1, at 13 (emphasis added).)  INIC is, therefore, correct: Luthy's lost profits and business interruption claim arises from the loss of use of the Cessna – specifically, for his lost ability to rent it out for a profit.  Accordingly, the policy does not cover Luthy's claims, INIC owes Mattfeld no duty to defend or indemnify, and summary judgment is therefore **GRANTED** for INIC on both Mattfeld's and INIC's requests for declaratory judgment.

### C.    Mattfeld's Breach of Contract Claim

Because the breach of contract claim is premised upon the assumption that INIC owed Mattfeld a duty to defend or indemnify under the policy, and because the Court now finds that assumption to be unfounded, summary judgment is hereby **GRANTED** for INIC on Mattfeld's breach of contract claim.

### D.    Mattfeld's Claim for Breach of the Duty of Good Faith and Fair Dealing

Mattfeld also contends that INIC materially misrepresented the terms of the policy by stating that Mattfeld was not an insured and attempting to subrogate against him.  To establish a claim for a breach of the duty of good faith and fair dealing, an insured must show that (1) the insurer had no reasonable basis for denying coverage under the policy and (2) the insurer denied the claim after its liability had become reasonably clear.  *See, e.g.*, *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).  Here, the Court finds that INIC is not liable for any damages incurred by Mattfeld and, therefore, that summary judgment should be and hereby is **GRANTED** for INIC on his claim for breach of the duty of good faith and fair dealing.

### E.     The Parties' Claims for Attorney's Fees and Costs

Both parties seek recovery of their fees and costs in this matter.  Because the Court finds that Mattfeld has suffered no damages and incurred no unnecessary fees or costs, summary judgment is **GRANTED** for INIC on Mattfeld's request.  Because INIC has not offered evidence sufficient to justify a departure from the "American rule," which provides that parties are ordinarily required to pay their own attorney's fees, *see Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 412 (5th Cir. 2006), summary judgment is **GRANTED** for Mattfeld on INIC's request for fees.  The Court finds, however, that INIC is entitled to recover its costs pursuant to 28 U.S.C. § 2202, and summary judgment is therefore **GRANTED** for INIC on its motion for costs.  The parties are hereby **ORDERED** to confer in an attempt to reach agreement concerning the proper amount of costs to be paid.

## III.   CONCLUSION

Each party's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.  All of Mattfeld's claims are **DISMISSED WITH PREJUDICE**. INIC's requests for a declaratory judgment and for recovery of costs are **GRANTED**. The parties are **ORDERED** to confer in an attempt to reach agreement concerning the proper amount of costs to be paid.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 21st day of August, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**